## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JESSICA PEIRCE,**

        **Plaintiff,**

                                              **CASE NO.:**

**v.**

**MIKE PRENDERGAST as SHERIFF of**
**CITRUS  COUNTY, FLORIDA,**

        **Defendant**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSICA PEIRCE ("Plaintiff" or "Peirce"), files this Complaint against Defendant, MIKE PRENDERGAST as SHERIFF of CITRUS  COUNTY, FLORIDA ("Defendant" or "CCSO"), for violations of the Pregnancy Discrimination Act ("PDA") and Title VII 42 U.S.C. § 2000e *et. seq*. ("Title VII"), and in support thereof states the following:

### PARTIES, JURISDICTION AND VENUE

1.      The Plaintiff, JESSICA PEIRCE, is a resident of Ocala, Florida at all times pertinent to this matter.

2.      Defendant, MIKE PRENDERGAST as SHERIFF of CITRUS  COUNTY, FLORIDA, currently operates the chief law enforcement agency within Citrus County Florida and at times pertinent to Plaintiff's claims.

3.      Venue is proper in this District because Defendant operates the Defendant agency in Citrus County, Florida and Plaintiff's claims accrued in said County as well.

4.      This Court has subject matter jurisdiction over the Plaintiff's claims because this action arises under federal laws the PDA and Title VII.

5.      Peirce has performed all conditions precedent necessary to the maintenance of this action, including the timely filing of a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") and receipt of a Notice of Right to Sue from same with respect to said charge and the timely filing of this action.

## FACTUAL ALLEGATIONS

6.      Peirce was previously employed by the Defendant as a Deputy, with her most recent stint starting in July of 2014.

7.      Defendant was at all times relevant hereto an "employer" as defined by the PDA.

8.      Plaintiff was an "employee" under the PDA at all times relevant hereto

9.      In or about June of 2016, Plaintiff informed Defendant's human resources department of her pregnancy and that her physician would be putting her on restrictive or light duty.  Defendant's initial response was to state that light duty assignments weren't available for pregnant deputies and that she instead would be sent home where she would have to utilize her accrued vacation and/or sick time.

10.     Defendant ultimately did permit Peirce to work light duty assignments as an exception after she continued to press the issue.

11.     Peirce gave birth on January 10, 2017 and subsequently returned to work on April 1, 2017, after taking leave.  As a result of her child's feeding schedule and issues related to same, Peirce requested that she be permitted to remain on day shift as she was to rotate out to night shift later in May.

12.     Plaintiff was instructed to submit a hardship request form, which she immediately did.  However, on or about May 17, 2017 Peirce was informed by Defendant that she would not

be permitted to stay on day shift. More disturbing was that when Peirce sought an accommodation to the situation whereby another female deputy who was to be placed on the day shift offered to switch with Plaintiff's new night schedule this request was denied by Defendant without any explanation or reason.

13. Defendant's inequitable decision regarding Peirce's scheduling request represented a pattern and practice by Defendant to treat male deputies more favorably with regard to such schedule adjustments and assignments, including even when doing so violates applicable policy.

14. Peirce complained to Defendant with regard to the discriminatory employment practices being employed in her situation as a pregnant woman and continued to push for the equitable solution that was easily obtainable. However, Defendant continued with its discriminatory employment decision and increased its hostility and animus towards Plaintiff in retaliation for her having complained against such illegal employment practices. Reflecting Defendant's total disregard for Plaintiff's rights and hostility to the pregnant Plaintiff, Peirce was ultimately told by Defendant that if she didn't like her assignment she could resign.

15. Furthermore, Defendant's discriminatory and retaliatory treatment of Peirce was also reflected in its decision not to promote Plaintiff to detective positions which she had applied for at the beginning of her pregnancy and shortly before she gave birth. Despite the fact that Plaintiff was more than qualified for such positions, Defendant's supervising managers brought up her pregnancy numerous times with regard to her applying for the detective positions and ultimately did not promote her or give her a good faith opportunity for same.

16.     As a direct result of Defendant's retaliation and discrimination of Plaintiff, Peirce was constructively terminated by Defendant when she was forced to resign her employment on May 23, 2017 to avoid termination; a serious problem by any law enforcement officer.

17.     Defendant's asserted reason, if any, for the discrimination and ultimate termination of Peirce's employment was a pretext to engage in pregnancy discrimination and to retaliate against Plaintiff for having voiced opposition to such discrimination.

18.     Plaintiff has been damaged as a direct and proximate result of Defendant's conduct.

19.     Plaintiff has been required to retain undersigned counsel in order to prosecute her claims and is obligated to pay counsel a reasonable attorney's fee.

## COUNT I - VIOLATION OF THE PREGNANCY DISCRIMINATION ACT
## 42 U.S.C. § 2000e (k) & U.S.C. 2000e-2(a)(1)

20.     The Plaintiff repeats each and every allegation of Paragraphs 1 through 19 as if fully set forth herein at length.

21.     Title VII of the Civil Rights Act of 1964 provides that it shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. 2000e-2(a)(1).

22.     In 1978, Congress amended Title VII of the Civil Rights Act of 1964 to include the Pregnancy Discrimination Act, which expands the Act's definition section to encompass pregnancy-based discrimination under the definition of sex discrimination: The terms "because of sex" or "on the basis of sex" include, but are not limited to, because or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy,

childbirth, or related medical conditions shall be treated the same for all employment related purposes. 42 U.S.C. § 2000e(k).

23.     It is a violation of Title VII to discharge or refuse to hire a woman because she is pregnant, or to discharge or refuse to hire women as a class because some of them might become pregnant.

24.     Defendant intentionally, willfully, and wantonly discriminated and retaliated against Plaintiff by, among other things, failing to accommodate her scheduling needs, failing to promote and/or consider in good faith her application for promotion to detective positions and terminating her employment because of her pregnancy in violation of the Title VII's PDA.

25.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages and is entitled to judgment.

**WHEREFORE**, Plaintiff, Jessica Peirce, demands judgment as follows:

a)   Front pay in lieu of reinstatement;

b)   Back pay;

c)   Compensatory damages, including emotional distress;

d)   Prejudgment interest;

e)   Attorneys' fees pursuant to 42 U.S.C. 2000e-5(k), 29 U.S.C. §2617(a)(3) and other applicable statutes whether state or federal;

f)   Costs of this action (including expert fees);

g)   Grant a preliminary and permanent injunction prohibiting the Defendant, its officers, successors, assigns, affiliates and all persons in active concert or participation with the Defendant from engaging in any practices that discriminate on the basis of sex and/or pregnancy; and

h)  For such other relief as this Court deems just and proper.

## COUNT II - RETALIATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT 42 U.S.C. § 2000e (k) & U.S.C. 2000e-2(a)(1)

26.     The Plaintiff repeats each and every allegation of Paragraphs 1 through 19 as if fully set forth herein at length.

27.     Plaintiff belonged to a protected category (female) under the Title VII.

28.     Defendant subjected Plaintiff to disparate treatment and/or gender discrimination due to her pregnancy.

29.     Plaintiff engaged in protected activity by opposing the discrimination that Plaintiff was subjected to by Defendant.

30.     Defendant retaliated against Plaintiff for his having voiced opposition to Defendant's discriminatory conduct.

31.     Defendant violated Title VII by retaliating against Plaintiff for said opposition.

32.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages and is entitled to judgment.

**WHEREFORE**, Plaintiff, Jessica Peirce, demands judgment as follows:

a)      Front pay in lieu of reinstatement;

b)      Back pay;

c)      Compensatory damages, including emotional distress;

d)      Prejudgment interest;

e)      Attorneys' fees pursuant to 42 U.S.C. 2000e-5(k), 29 U.S.C. §2617(a)(3) and other applicable statutes whether state or federal;

f)      Costs of this action (including expert fees);

g)      Grant a preliminary and permanent injunction prohibiting the Defendant, its officers, successors, assigns, affiliates and all persons in active concert or participation with the Defendant from engaging in any practices that discriminate on the basis of sex and/or pregnancy and that retaliate against those voicing opposition to such discrimination; and

h)      For such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated: June 19, 2019.


Respectfully submitted,

**TOBIN LAW GROUP, PL**

*/s/ Bradley A. Tobin*
Bradley A. Tobin
Florida Bar No. 0101818
btobin@tobinlawgroup.com
Westchase Commons
13043 West Linebaugh Ave.
Tampa, Florida 33626
Tel: (813) 452-6199
Fax (813) 830-7200
Attorney(s) for Plaintiff.